UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| AVERY BRYANT JONES, TDOC #321181 )<br>)<br>v.   )<br>)<br>WARDEN HOWARD CARLTON; COMM'R. )<br>GEORGE LITTLE;  S.T.G. COORDINATOR   )<br>CPL. PROFFIT; COUNSELOR G.   )<br>CROWELL; and PANEL BOARD MEMBERS )<br>IRC LEONARD, IRC NORRIS, and UNIT   )<br>MANAGER MR. ANGEL   ) | NO. 2:09-cv-40 |

## **MEMORANDUM and ORDER**

Avery Bryant Jones, an inmate in the custody of the Tennessee Department of Correction [TDOC], has filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that, for several reasons, he has been falsely identified and punished as a member of a Security Threat Group [STG], even though he poses no threat.  He also complains that he was wrongfully segregated from the general population based on his disciplinary history, which now includes eight disciplinary infractions, despite the fact that, at the time he was segregated, he had only three infractions, which were not violent or serious offenses. Plaintiff further maintains that his placement on the Involuntary Administrative Segregation Unit has adversely affected his ability to earn sentencing credits and to participate in job training to assist him upon his release from confinement in five months.  The defendants are Howard Carlton, the Warden at the Northeast Correctional Complex [NECX] where plaintiff

is confined; George Little, TDOC Commissioner; and several NECX officers who are involved with the STG matter or with plaintiff's placement on the IAS Unit.

A prisoner, regardless of his financial situation, must pay the filing fee, even if it must be collected in increments. Therefore, plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of his inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

To ensure compliance with the assessment procedures outlined above, the Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the NECX and to TDOC Commissioner George Little.

The Court must now screen the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore*

---

[1] Payments should be mailed to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

Case 2:09-cv-00040-JRG-DHI   Document 13   Filed 05/26/09   Page 2 of 4   PageID #: 76

*v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

At the outset, the doctrine of res judicata is implicated here because this is the second civil rights case plaintiff has filed in this Court concerning these same matters. *See Jones v. Carlton*, Civil Action Number 2:08-cv-243 (E.D.Tenn. Oct. 31, 2008). The doctrine of res judicata "mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994). One of the defendants in that lawsuit was Warden Howard Carlton and that action was dismissed for failure to state a claim entitling plaintiff to relief under § 1983. Thus, as to Warden Carlton, all claims that were litigated or that could have been presented are barred by res judicata.

As to the claims against defendants not named in the prior lawsuit, any issues litigated in the earlier case also are barred under a doctrine related to res judicata—non-mutual defensive collateral estoppel, which prevents "a plaintiff from relitigating an issue . . . previously litigated unsuccessfully in another action against the same or a different party." *United States v. Mendoza*, 464 U.S. 154, 159 (1984) (citing *Parklane Hosiery,* 439 U.S. 322, 326 n. 4 (1979)). *See also Randles v. Gregart* 965 F.2d 90, 93 (6th Cir.1992) (citing *Mendoza*, *Parkland*, and *Hazzard v. Weinberger,* 382 F.Supp. 225, 226-29 (S.D.N.Y.1974), *aff'd,* 519 F.2d 1397 (2d Cir.1975) (nonmutual claim preclusion appropriate when *pro se* litigant brings repeated actions upon same operative facts with slight change in legal theories

and "cast of characters-defendants")).

Finally, the only allegations which do not appear to have been brought in the earlier action are those concerning plaintiff's inability to attend job training as a result of his IAS placement. However, there is no constitutional right to vocational or educational programs in prison. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Therefore, this claim lacks an arguable basis in law and is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

For the reasons set forth above, the Court finds that all claims save one are barred by res judicata or issue preclusion and that the remaining claim fails to state a claim for relief under § 1983. 28 U.S.C. § 1915(e)(2)(B); § 1915A. Upon carefully reviewing this complaint pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, should plaintiff file a notice of appeal from this decision, the Court hereby **DENIES** him leave to proceed *in forma pauperis* on appeal. *See* FED. R. APP. P. 24.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
